UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

IRA TENENZAPF,

                              Plaintiff,

                                                          ANSWER

      -against-

DANIELS NORELLI SCULLY & CECERE, P.C.          16-cv-03361
JAMES P. SCULLY
COLORADO CAPITAL INVESTMENTS, INC.
COLORADO CAPITAL ASSET MANAGEMENT
CORPORATION,

                              Defendants.
------------------------------------------------------------x

Defendant, COLORADO CAPITAL INVESTMENTS, INC by its attorneys, Barron &

Newburger, P.C., answers plaintiff's complaint as follows:

1.    Defendant acknowledges being sued pursuant to State and Federal Law, but
      denies any violation thereof.  In addition, Defendant denies that the
      declaratory relief is available.

2.    Defendant admits the allegations contained in paragraph "2" of the
      complaint.

3.    Defendant denies having knowledge or information sufficient to form a
      belief as to the allegations set forth in Paragraph "3" of the complaint.

4.    This paragraph contains no factual allegations directed against the
      answering defendant and requires no admissions or denials.

5.    This paragraph contains no factual allegations directed against the
      answering defendant and requires no admissions or denials.

6.    This paragraph contains no factual allegations directed against the answering defendant and requires no admissions or denials.

7.    Defendant admits the allegations contained in paragraph "7" of the complaint.

8.    This paragraph contains no factual allegations directed against the answering defendant and requires no admissions or denials.

9.    Defendant admits being a Plaintiff in a State Court lawsuit against Ira Tenenzapf but, otherwise denies having knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "9" of the complaint.

10.   Defendant admits the allegations contained in paragraph "10" of the complaint.

11.   Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "11" of the complaint.

12.   Defendant denies playing any role in choosing the process servicing company used to serve Mr. Tenenzapf in the underlying State Court proceeding, and otherwise denies having knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "12" of the complaint.

13.   Defendant denies using any false affidavit of service, but admits that its co-defendant used Accu-Serve's affidavit of service in entering a default Judgment against Mr. Tenenzapf. Defendant specifically denies having knowledge or information sufficient to form a belief as to the allegations set

forth in Paragraph "13" of the complaint with respect to whether or not the affidavit was false.

14.   Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "14" of the complaint with respect to whether the default Judgment was obtained by sewer service.

15.   Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "15" of the complaint.

16.   Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "16" of the complaint.

17.   This paragraph contains no factual allegations directed against the answering defendant and requires no admissions or denials.

18.   Defendant admits that it was no longer the owner of the overdue receivable owed by the Plaintiff, on or about October 7, 2015, but otherwise denies having knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "18" of the complaint.

19.   Defendant denies each and every allegation contained in paragraph "19" of the complaint.

20.   This paragraph contains no factual allegations directed against the answering defendant and requires no admissions or denials.

21.   This paragraph contains no factual allegations directed against the answering defendant and requires no admissions or denials.

22.   This paragraph contains no factual allegations directed against the answering defendant and requires no admissions or denials.

23.   Defendant denies those portions of paragraph "23" that purport to allege that it never sent Plaintiff the notice required by 15 U.S.C. Section 1692g.

24.   Defendant denies each and every allegation contained in paragraph "24" of the complaint.

25.   This paragraph contains no factual allegations directed against the answering defendant and requires no admissions or denials.

26.   This paragraph contains no factual allegations directed against the answering defendant and requires no admissions or denials.

27.   Defendant admits the existence of the lawsuit described in paragraph 27 of the complaint but otherwise denies the allegations in paragraph "27" of the complaint.

28.   Defendant alleges that it sold the Tenenzapf's receivable on or about June 2006 and took no action with respect to that receivable after 2006. As a result, any allegation that it attempted to collect a debt from the plaintiff is specifically denied.

29.   This paragraph contains no factual allegations directed against the answering defendant and requires no admissions or denials.

30.   This paragraph contains no factual allegations directed against the answering defendant and requires no admissions or denials.

31.   This paragraph contains no factual allegations directed against the answering defendant and requires no admissions or denials.

32.   This paragraph contains no factual allegations directed against the answering defendant and requires no admissions or denials.

33.   This paragraph contains no factual allegations directed against the answering defendant and requires no admissions or denials.

34.   This paragraph contains no factual allegations directed against the answering defendant and requires no admissions or denials.

35.   This paragraph contains no factual allegations directed against the answering defendant and requires no admissions or denials.

36.   This paragraph contains no factual allegations directed against the answering defendant and requires no admissions or denials.

37.   Defendant denies each and every allegation contained in paragraph "37" of the complaint.

38.   This paragraph contains no factual allegations directed against the answering defendant and requires no admissions or denials.

39.   This paragraph contains no factual allegations directed against the answering defendant and requires no admissions or denials.

40.   This paragraph contains no factual allegations directed against the answering defendant and requires no admissions or denials.

41.   This paragraph contains no factual allegations directed against the answering defendant and requires no admissions or denials.

42.   Defendant specifically denies making any attempt to collect from plaintiff during the period indicated in paragraph "42" of the complaint.

43.   This paragraph contains no factual allegations directed against the answering defendant and requires no admissions or denials.

44.     This paragraph contains no factual allegations directed against the answering defendant and requires no admissions or denials.

45.     This paragraph contains no factual allegations directed against the answering defendant and requires no admissions or denials.

46.     This paragraph contains no factual allegations directed against the answering defendant and requires no admissions or denials.

47.     This paragraph contains no factual allegations directed against the answering defendant and requires no admissions or denials.

48.     This paragraph contains no factual allegations directed against the answering defendant and requires no admissions or denials.

49.     This paragraph contains no factual allegations directed against the answering defendant and requires no admissions or denials.

50.     This paragraph contains no factual allegations directed against the answering defendant and requires no admissions or denials.

51.     This paragraph contains no factual allegations directed against the answering defendant and requires no admissions or denials.

52.     This paragraph contains no factual allegations directed against the answering defendant and requires no admissions or denials.

53.     This paragraph contains no factual allegations directed against the answering defendant and requires no admissions or denials.

54.     This paragraph contains no factual allegations directed against the answering defendant and requires no admissions or denials.

55. This paragraph contains no factual allegations directed against the answering defendant and requires no admissions or denials.

56. This paragraph contains no factual allegations directed against the answering defendant and requires no admissions or denials.

57. This paragraph contains no factual allegations directed against the answering defendant and requires no admissions or denials.

58. Defendant denies that any representative of DN took any action on its behalf on or about January 4, 2016.

59. This paragraph contains no factual allegations directed against the answering defendant and requires no admissions or denials.

60. This paragraph contains no factual allegations directed against the answering defendant and requires no admissions or denials.

61. This paragraph contains no factual allegations directed against the answering defendant and requires no admissions or denials.

62. This paragraph contains no factual allegations directed against the answering defendant and requires no admissions or denials.

63. This paragraph contains no factual allegations directed against the answering defendant and requires no admissions or denials.

64. This paragraph contains no factual allegations directed against the answering defendant and requires no admissions or denials.

65. This paragraph contains no factual allegations directed against the answering defendant and requires no admissions or denials.

66.    This paragraph contains no factual allegations directed against the answering defendant and requires no admissions or denials.

67.    This paragraph contains no factual allegations directed against the answering defendant and requires no admissions or denials.

68.    This paragraph contains no factual allegations directed against the answering defendant and requires no admissions or denials.

69.    Defendant admits that the underlying State Court action was dismissed, but denies any adjudication on the merits was rendered indicating that the plaintiff did not owe the putative debt.

70.    Defendant denies each and every allegation contained in paragraph "70" of the complaint.

71.    This paragraph contains no factual allegations directed against the answering defendant and requires no admissions or denials.

72.    This paragraph contains no factual allegations directed against the answering defendant and requires no admissions or denials.

73.    This paragraph contains no factual allegations directed against the answering defendant and requires no admissions or denials.

74.    This paragraph contains no factual allegations directed against the answering defendant and requires no admissions or denials.

75.    This paragraph contains no factual allegations directed against the answering defendant and requires no admissions or denials.

76.    Defendant repeats and realleges its previous admissions and denials contained in paragraphs "1" through "75" of the complaint.

77. This paragraph contains no factual allegations directed against the answering defendant and requires no admissions or denials.

78. This paragraph contains no factual allegations directed against the answering defendant and requires no admissions or denials.

79. Defendant admits the allegations contained in paragraph "79" of the complaint.

80. Defendant admits the allegations contained in paragraph "80" of the complaint.

81. Defendant admits the allegations contained in paragraph "81" of the complaint.

82. This paragraph contains no factual allegations directed against the answering defendant and requires no admissions or denials.

83. This paragraph contains no factual allegations directed against the answering defendant and requires no admissions or denials.

84. This paragraph contains no factual allegations directed against the answering defendant and requires no admissions or denials.

85. This paragraph contains no factual allegations directed against the answering defendant and requires no admissions or denials.

86. This paragraph contains no factual allegations directed against the answering defendant and requires no admissions or denials.

87. Defendant admits the allegations contained in paragraph "87" of the complaint.

88.   This paragraph contains no factual allegations directed against the answering defendant and requires no admissions or denials.

89.   Defendant admits the allegations contained in paragraph "87" of the complaint.

90.   This paragraph contains no factual allegations directed against the answering defendant and requires no admissions or denials.

91.   Defendant admits the allegations contained in paragraph "87" of the complaint.

92.   Defendant denies each and every allegation contained in paragraph "92" of the complaint.

93.   Defendant repeats and realleges its previous admissions and denials contained in paragraphs "1" through "92" of the complaint.

94.   This paragraph contains no factual allegations directed against the answering defendant and requires no admissions or denials.

95.   This paragraph contains no factual allegations directed against the answering defendant and requires no admissions or denials.

96.   Defendant denies each and every allegation contained in paragraph "96" of the complaint.

97.   Defendant denies each and every allegation contained in paragraph "97" of the complaint.

98.   Defendant denies each and every allegation contained in paragraph "98" of the complaint.

99.   Defendant denies each and every allegation contained in paragraph "99" of
      the complaint.

100.  Defendant repeats and realleges its previous admissions and denials
      contained in paragraphs "1" through "99" of the complaint.

101.  This paragraph contains no factual allegations directed against the
      answering defendant and requires no admissions or denials.

102.  This paragraph contains no factual allegations directed against the
      answering defendant and requires no admissions or denials.

103.  Defendant denies each and every allegation contained in paragraph "99" of
      the complaint.

104.  Defendant denies each and every allegation contained in paragraph "99" of
      the complaint.

105.  Defendant denies each and every allegation contained in paragraph "99" of
      the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

106.  Defendant sold its portfolio of overdue receivables, which included the
      Tenenzapf receivable, in 2006.

107.  The Defendant has taken no action to collect any debt from Plaintiff after
      June 2006.

108.  That the applicable statute of limitations for actions brought under the Fair
      Debt Collections Practices Act, is one year from the date of the infraction.

109. That the statute of limitations for bringing actions alleging violations of New York GBL 349 is three years from the date of the infraction.

110. That the causes of action contained in Plaintiff's complaint with respect to the answering Defendant should be dismissed based upon the applicable statute of limitations for both the Federal and State cause of action.

WHEREFORE, Defendant respectfully requests that plaintiff's complaint be dismissed.

Dated: New City, NY
September 12, 2016

ARTHUR SANDERS, ESQ.
Attorney for Defendant
Colorado Capital Investments, Inc.
30 South Main Street
New City, NY 10956

TO: Ahmad Keshavarz, Esq.
THE LAW OFFICE OF AHMAD KESHAVARZ
Attorney for Plaintiff
16 Court Street, 26th Floor
Brooklyn, NY 11214-1026

Brett A Scher, Esq.
Kaufman Dolowich Voluck & Gonzo LLP
Attorneys for Defendants Daniels Norelli Scully & Cecere PC,
James P. Scully.
135 Crossways Park Drive
Suite 201
Woodbury, NY 11797


Glenn M. Fjermedal, Esq.
Davidson Fink LLP
Attorneys for Colorado Capital Asset Management Corporation
28 East Main Street, Suite 1700
Rochester, NY 14614